IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL MONTALVO,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. DESHAWN; DR. JEFFREY POMERANTZ; S.S.C.F. MEDICAL DEPARTMENT/STAFF; RUTGERS/ D.O.C.,<br><br>        Defendants. | Civil Action<br>No. 16-9274 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Rafael Montalvo, Plaintiff Pro Se
505 Bergen Ave. Apt. 2
Jersey City, New Jersey 07304

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Rafael Montalvo's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. Plaintiff also requests the appointment of pro bono counsel.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the Court concludes the complaint will be dismissed for lack of jurisdiction.

**II. BACKGROUND**

Plaintiff filed this complaint against various medical personnel at Southern State Correctional Facility ("SSCF") including Dr. DeShawn, Dr. Jeffrey Pomerantz, as well as Rutgers and the New Jersey Department of Corrections ("DOC"). Complaint ¶ 4. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he received an overdose of estrogen[1] while confined in SSCF. *Id.* ¶ 6. He states his levels went to 745 when they should have been between 100 and 200. *Id.* He then refused further treatment due to the resulting mental trauma. *Id.* He alleges that the high estrogen levels "ate" at his stomach, preventing him from eating solid foods, and weakened his bones. *Id.* He states he no longer wishes to transition due to the traumatic experience. *Id.* ¶ 4(b). He seeks relief in the form of $120,000,000 for the medical malpractice of the medical staff. *Id.* ¶ 7. He further requests the appointment of pro bono counsel. *Id.*

---

[1] The complaint references "extrogent." The Court interprets this as estrogen given Plaintiff's reference to transitioning.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x

3

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

---

120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. ANALYSIS**

Plaintiff seeks to pursue medical malpractice claims against defendants. This Court lacks jurisdiction over the claims as raised in the complaint, however.[3]

Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Medical

---

[3] "A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981); *see also* Fed. R. Civ. P. 12(h)(3). If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation. *Trent Realty Assocs.*, 657 F.2d at 36.

malpractice is a state law claim; therefore, there is no federal question jurisdiction.[4] Even if the Court were to liberally construe the complaint, it would still have to be dismissed as Plaintiff has failed to state a claim an Eighth Amendment violation. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

Here there is no indication any defendant acted with deliberate indifference to Plaintiff's medical needs. "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000)

---

[4] There also is no diversity jurisdiction as Plaintiff and at least one defendant, Rutgers, the State University of New Jersey, are both New Jersey residents. 28 U.S.C. § 1332.

(quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)). The complaint only alleges that defendants gave Plaintiff too much estrogen. Nothing suggests there was the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Court will therefore dismiss the complaint for lack of jurisdiction. The dismissal will be without prejudice to Plaintiff's right to pursue an action in state court.[5] As the complaint is being dismissed, Plaintiff's request for pro bono counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

**V.  CONCLUSION**

For the reasons stated above, the complaint is dismissed for lack of jurisdiction.

An appropriate order follows.


**June 20, 2017**                                       **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                              U.S. District Judge

---

[5] The Court expresses no opinion as to whether Plaintiff otherwise meets the requirements for filing in state court.